IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **U.S. BANK EQUIPMENT FINANCE,** *a division of U.S. Bank National Association*, | )<br>)<br>) |
| **Plaintiff,** | ) |
| vs. | )<br>) Case No. 25-cv-220-DWD |
| **CAMARATO DRUG, INC., LITTLE EGYPT CONSOLIDATED HOLDING, LLC, STEPHANIE CAMARATO, and MATTHEW CAMARATO** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## NOTICE AND ORDER

This matter is now before the Court following a *sua sponte* review of the record. The Verified Complaint was filed in this case on February 14, 2025. (Doc. 1). Summonses were requested for Defendants on that same date. (Docs. 5, 6, 7, 8). The Summonses were issued on February 18, 2025. (Doc. 10). Defendants Stephanie and Matthew Camarato were served on February 24, 2025, and their Answers were due on March 17, 2025. (Docs. 11 & 12). Defendants Camarato Drug, Inc., and Little Egypt Consolidated Holding, LLC, were served on February 27 and March 4, 2025, respectively. (Docs. 13 & 14). Their Answers were due on March 20 and 25, 2025, respectively. (Docs. 13 & 14).

As of this date, however, Defendants have not filed Answers, any motion, or any other pleading in response to the Verified Complaint. Likewise, Plaintiff has not updated

or sought action by the Court. Thus, the record reflects, despite being served, Defendants failed to answer, move, or otherwise plead in response to the Verified Complaint.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Therefore, based on the record, the Court **ORDERS**: (1) the Clerk of Court is **DIRECTED TO ENTER DEFAULT** against Defendants under Rule 55(a); (2) Plaintiff is **DIRECTED** to move for the entry of a default judgment against Defendants under Rule 55(b) by June 10, 2025; (3) if Plaintiff fails to move for the entry of a default judgment, then this entire action will be dismissed for want of prosecution and/or the failure to comply with this Order under Federal Rule of Civil Procedure 41(b); and (4) The Clerk of Court is **FURTHER DIRECTED** to transmit a copy of this Order and the entry of default to each party to the action. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits."); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution.").

**SO ORDERED**.

Dated:  May 20, 2025

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge